ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 DEC 12  P 2: 14

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| PHYLLIS A. POWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 305-122 |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Phyllis A. Powell ("Plaintiff") appeals the decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") payments under the Social Security Act. Upon consideration of the briefs submitted by counsel, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

### I. BACKGROUND

Based upon claims of disability dating back to April 11, 2000, Plaintiff applied for DIB and SSI on May 16, 2002.[1] Tr. ("R."), pp. 88-90, 500-03. The Social Security

---

[1] Plaintiff was insured for disability benefits through the date of the ALJ's second decision. R. 19, 26.

Administration denied her original claims and requests for reconsideration. R. 32, 33, 46-49, 51-54, 504, 505-08, 509, 510-13. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). R. 55. After a hearing in which Plaintiff, who was accompanied by an attorney, testified on her own behalf, but in which a vocational expert ("VE") did not testify, the ALJ issued an unfavorable decision dated October 22, 2003. R. 558-77, 34-44.

Plaintiff then timely requested review by the Appeals Council ("AC"), and on March 3, 2004, the AC vacated the ALJ's decision and remanded the case for additional proceedings.[2] R. 69-71. After the second hearing in which Plaintiff, who was accompanied by an attorney, testified on her own behalf and in which a VE gave testimony, the ALJ issued an unfavorable decision dated March 17, 2005. R. 536-57, 15-28. Applying the sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

2. The claimant has an impairment or a combination of impairments considered "severe" based on the requirements in the Regulations [(]20 C.F.R. §§ 414.1520(b) and 416.920(b)[)].

3. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4.

4. The claimant has the following residual functional capacity: sedentary exertion work, claimant can stand and walk for less than 1 hour; she can occasionally perform[] climbing of ramps/stairs, but can never perform climbing of ropes/ladders/scaffolds, balancing, stooping, crouching, kneeling, or crawling[;] she has limited use of her left upper extremities from pushing/pulling; she should avoid

---

[2] Meanwhile, Plaintiff had filed new applications for DIB and SSI. R. 107-10, 514-29. These applications were denied at the initial level and were consolidated with her earlier claims when the earlier clams were remanded for a new hearing. R. 45, 73-76, 530, 531-34.

2

working a[t] hazardous heights and around moving machinery. Claimant retains the ability to perform the basic mental demands of competitive remunerative, unskilled work including the ability (on a sustained basis) to understand, remember, and carry out simple instructions; to respond appropriately to supervisor[s], coworkers, and usual work situations. She can deal with changes in a routine work setting. There is no evidence of a substantial loss of the ability to meet any of the basi[c] mental work-related activity, which would severely limit her potential occupational base. The claimant is unable to perform any of her past relevant work (20 C.F.R. §§ 404.1565 and 416.965).

5.  Although the claimant's exertional limitations do not allow her to perform the full range of sedentary work, using Medical-Vocational Rule 201.28 and the VE's testimony as a framework for decision-making, there are a significant number of jobs in the national economy that she could perform. Examples of such jobs include work as [an] [eye drop assembler] . . . [fishing reel assembler] . . . [and lens packer] . . . .The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of [the] decision (20 C.F.R. §§ 404.1520(f) and 416.920(f)).

R. 26-27.

When the AC denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision. R. 6-10. Having failed to convince the AC to review her case, Plaintiff filed this civil action in the United States District Court for the Southern District of Georgia requesting a reversal or remand of that adverse decision. Plaintiff now argues that substantial evidence does not support the ALJ's decision denying Plaintiff disability benefits. (Doc. no. 13, p. 10). Specifically, Plaintiff contends that the ALJ erroneously found that she (1) has the residual functional capacity ("RFC") to perform sedentary work, and (2) can perform the three jobs the VE identified. (Id. at 1).

## II. THE STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary

evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

**A.   RFC**

Plaintiff first asserts that the ALJ erroneously found that she has the RFC to perform sedentary work. (Doc. no. 13, pp. 10-11). Specifically, Plaintiff argues that although sedentary work is defined as having the ability to stand and walk two hours in an eight hour work day, the evidence in the case demonstrates that she can only stand and walk a total of one hour in an eight hour workday; therefore, she does not have the ability to perform sedentary work. (Id. at 11). Plaintiff also maintains that there has been no showing that she has the ability to get to and from her vehicle, even if she were parked in a handicapped parking place, in order to perform a factory or industrial type job. (Id.).

The Commissioner responds, arguing that the ALJ did not find that Plaintiff had the RFC for the *full* range of sedentary work, but instead found that she could perform a *reduced* range of sedentary work that took into account the fact that she could only stand or walk for

a total of one hour in an eight-hour work day. (Doc. no. 16, pp. 13-14). Moreover, the Commissioner argues that there is no merit to Plaintiff's suggestion that she could not do sedentary work because of her inability to walk to get from her vehicle to the job site. (Id. at 15).

> Sedentary work is defined as:
>
> lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a); see also 20 C.F.R. § 416.967(a) (same).

Here, substantial evidence exists to support the ALJ's decision that Plaintiff can perform a reduced range of sedentary work. First, despite Plaintiff's argument to the contrary, the ALJ did not determine that Plaintiff could perform a full range of sedentary work, but instead concluded that Plaintiff could perform a reduced range of sedentary work, given that she could only stand and walk for a total of less than one hour in an eight hour workday. R. 26. Furthermore, in her brief, Plaintiff concedes that she has the ability to "stand and walk a total of one hour in an eight hour work day," thus, by Plaintiff's own acknowledgment, she can perform a reduced range of sedentary work. (Doc. no. 13, p. 11).

Moreover, the medical evidence supports the ALJ's conclusions that Plaintiff can perform a reduced range of sedentary work. In reaching his conclusions, the ALJ relied on information from several of Plaintiff's treating physicians.[3] In October 2000, after examining

---

[3] In the Eleventh Circuit, a treating physician's opinion must be given substantial weight. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986) (*per curiam*).

Plaintiff, Dr. Joseph Hardman opined that Plaintiff had a normal gait, was able to walk on her heels and toes without significant difficulty, and had 5/5 muscle strength in her lower extremities. R. 20, 281. A month later, Dr. Odel Stills concluded that Plaintiff had the ability to work 20-30 hours per week. R. 20, 288. The ALJ also noted that during 2001, despite Plaintiff's complaints of pain in her lower extremities, there was little, if any evidence, that she sought medical treatment. R. 20. Further, in March 2002, Plaintiff underwent surgery for a torn medial meniscus in her left knee, and was found to have medical and lateral compartment degenerative joint disease. R. 20, 445-46. However, Dr. Alan Baggett concluded that Plaintiff could perform a sit-down job and placed no restrictions on her ability to perform prolonged sitting. R. 22-23, 414, 416-17.

The ALJ also relied on Dr. Stills's opinion in August 2003, that Plaintiff's MRI of the lumbar spine was unremarkable with no significant disc abnormality and that there was no evidence of spinal canal stenosis or neural foraminal stenosis. R. 21-22, 358-61. Although the ALJ noted that Plaintiff's MRI of the thoracic spine in September 2003, showed a disc herniation at the T10-11 vertebral level, the ALJ noted that so specific details were contained in Dr. Stills's treatment notes with regard to this finding. R. 22. Moreover, in September 2003, Dr. Cliff Cannon examined Plaintiff and concluded that she was able to perform heel to toe walking without a problem, her muscle strength was normal, and her reflexes were normal. R. 22, 453. He also reviewed Plaintiff's MRI of her thoracic spine and found nothing to account for her reports of left-sided pain, nor did he find any evidence of a spinal problem. Id.

The conclusions reached by Plaintiff's treating physicians were also corroborated by the consultative examination done by Dr. Douglas Hein. Despite Plaintiff's arguments, Dr. Hein's opinions were not solely based on his characterization of the thoracic MRI, but on his own examination results. R. 432-38. According to Social Security Ruling 96-6p, findings of fact made by State Agency medical consultants regarding the nature and severity of an individual's impairments must be treated as expert opinion evidence of a nonexamining source at the ALJ and AC levels of administrative review. Although ALJs are not bound by the findings of state agency doctors, "they may not ignore these opinions and must explain the weight given to the opinions in their decisions." SSR 96-6p. To support his use of Dr. Hein's report, in his written opinion, the ALJ noted that Dr. Hein was not Plaintiff's treating physician, but had personally examined Plaintiff, reviewed her past medical records, and reviewed the objective clinical testing before forming his opinion as to Plaintiff's RFC. R. 22. The ALJ stated that because Dr. Hein "relied on the results of objective testing and because his medical opinions are consistent with the majority of other credible evidence, his medical opinions were given significant weight in [the ALJ's] decision." Id.

In support of his findings, the ALJ cited Dr. Hein's conclusions that Plaintiff had a normal range of motion and a slight antalgic gait without motor deficits. R. 22, 432. The ALJ further noted that after reviewing Plaintiff's x-rays and MRI scans, Dr. Hein determined that "secondary to degenerative changes in [Plaintiff's] knees[,] she would not be capable of climbing and squatting activities, protracted walking and standing, but would have no significant restrictions in sedentary type activities." R. 22; see also 433. Because, as noted

above, Dr. Hein's conclusions were corroborated by those of Plaintiff's treating physicians, the ALJ did not err in attributing significant weight to Dr. Hein's conclusions.

Additionally, there is no merit to Plaintiff's claim that she could not do a reduced range of sedentary work because she could not walk well enough to get from her vehicle to the job site. The record demonstrates that Plaintiff often had a normal gait, and in September 2003, the strength in her lower extremities was 5/5. R. 259, 281, 331, 453. Therefore, based on the medical evidence in the record, including the opinions of Dr. Hein and Plaintiff's treating physicians, there is substantial evidence to support the ALJ's conclusion that Plaintiff has the RFC to perform a reduced range of sedentary work.

**B.      Performing the Three Jobs the VE Listed**

Next, Plaintiff argues that the ALJ erroneously determined that she can perform the three jobs the VE identified at the hearing. (Doc. no. 13, pp. 11-12). Specifically, Plaintiff maintains that the hypothetical question the ALJ posed to the VE did not include an impairment to her upper extremities despite the fact that her thoracic spine MRI showed that there were some abnormalities, specifically a disc herniation compressing the thecal sac. (Id. at 12-13). Plaintiff argues that because of the limitation on her upper extremities, the ALJ should have included a reaching limitation. (Id.). According to Plaintiff, because the hypothetical question did not include an impairment to her upper extremities and thus, did not include a reaching limitation, the VE's testimony about what jobs she could perform was fundamentally flawed. (Id. at 13).

The Commissioner responds that the hypothetical question the ALJ posed to the VE included all of the limitations in Plaintiff's RFC. (Doc. no. 16, pp. 16-17). Further, the

9

Commissioner maintains that Plaintiff's claim that she had limitations in the use of her upper extremities is not supported by the record. (Id. at 17).

As noted above, at step four of the sequential evaluation process, the ALJ determined that Plaintiff was unable to perform her past relevant work, but had the RFC to perform a reduced range of sedentary work, as set forth in detail herein at pages 2 to 3. R. 26. Because Plaintiff could no longer perform her past relevant work, the burden shifted to the Commissioner to show the existence of other types of substantial gainful employment that Plaintiff could perform given her age, education, previous work experience, and RFC. See Phillips v. Barnhart, 357 F.3d 1232, 1239 (11th Cir. 2004). In this regard, the ALJ properly consulted a VE in conjunction with the Medical-Vocational Guidelines. The record reflects that the ALJ asked the VE the following hypothetical:

> Assume that the claimant is 40 years old, female, 12th grade education with some college. She has the following impairments: degenerative joint disease of both knees, lumbar dis[c] disease, thoracic dis[c] herniation, dysthymic disorder, obesity, and [] testing borderline [intellectual functioning], but I'm pretty sure that's a lot higher, but we'll go with it. . . . Her [RFC] is as follows. She can perform sedentary work with standing and walking a total of less than one hour in a day. She can occasionally climb ramps and stairs but never climb a ladder, ropes, scaffolds, balance, stoop, crouch, and kneel or crawl. . . .She has limited use of the left arm pushing and pulling. She must avoid hazards, hazardous heights[,] and machinery. Mentally she can on a sustained basis understand, remember, and carry out simple instructions, respond appropriately to supervision [and her] coworkers in usual work situations, and deal with changes in a routine work setting. She can handle routine job stress. She can adequately pay attention and concentrate.

R. 551-52. In response, the VE identified eye dropper assembler, fishing reel assembler, and lens inserter as jobs in the national economy that Plaintiff can perform. R. 552-53. The VE further testified that all three of these jobs offered a sit/stand option and were jobs in which

the employee can either sit or stand at a bench or a desk and work on something directly in front of them. R. 554-55.

Of course, the underlying assumptions of hypothetical questions must accurately and comprehensively reflect the claimant's characteristics, and a reviewing court must determine whether they are supported by substantial evidence. McSwain v. Bowen, 814 F.2d 617, 619-20 (11th Cir. 1987) (*per curiam*); Pendley v. Heckler, 767 F.2d 1561, 1562-63 (11th Cir. 1985) (*per curiam*); see also Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999) ("In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."); Coleman v. Barnhart, 264 F. Supp.2d 1007, 1011 (S.D. Ala. 2003) (failing to comprehensively describe a claimant's impairments and limitations, including that a claimant "often" has deficiencies in concentration, persistence, or pace, is grounds for remanding case for further proceedings).

Here, Plaintiff does not dispute the characteristics that were included in the hypothetical question to the VE. Rather, she disputes the characteristics that were omitted from the hypothetical question. In particular, she argues that the ALJ did not consider that she had abnormalities in her thoracic spine MRI, specifically a disc herniation, and instead, the ALJ improperly relied solely on Dr. Hein's report that did not include an impairment to her upper extremities. As such, the ALJ failed to include a limitation on her ability to reach in his hypothetical question to the VE. To the extent Plaintiff argues that in formulating his hypothetical, the ALJ gave improper weight to Dr. Hein's medical opinions, those contentions have already been discussed and discredited above.

11

Moreover, despite Plaintiff's arguments, the hypothetical question that the ALJ provided to the VE included the ALJ's findings that Plaintiff had lumbar disc disease, a thoracic disc herniation, and limited use of her left arm to push or pull.[4] R. 551-52. Thus, Plaintiff's argument that the ALJ did not include the fact that the medical evidence demonstrated that she had abnormalities in her thoracic spine MRI, specifically a disc herniation, is meritless.

Further, the ALJ is not required to include in his hypothetical question to the VE limitations that are not supported by the record. See Wilson v. Barnhart, 284 F.3d 1219, 1227-28 (11th Cir. 2002). Here, Dr. Hein examined Plaintiff in September 2003, and assessed her functional capabilities. R. 434-38. That assessment included a conclusion that Plaintiff could constantly reach, handle, finger, and feel in all directions. R. 435, 437-38. Dr. Hein's assessment was corroborated by Dr. Cliff Cannon's examination of Plaintiff. R. 451-53. Dr. Cannon stated in his report that his examination revealed that Plaintiff's muscle strength in her upper and lower extremities was 5/5 and equal bilaterally, and the sensory examination in Plaintiff's upper and lower extremities was grossly intact.[5] R. 453. Therefore, any type of reaching limitation is not supported by the medical evidence in the

---

[4] In his written opinion, the ALJ also determined that the medical evidence indicated that Plaintiff had lumbar disc disease and thoracic disc herniation, but concluded that these conditions were not severe enough to met or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. R. 23. Moreover, the ALJ also noted that Plaintiff has "limited use of her left upper extremities pushing/pulling." R. 26 at Finding 7.

[5] It should be noted that in his report, Dr. Cannon stated that Plaintiff's MRI of the thoracic spine indicated that there was a T10-11 disc herniation compressing the thecal sac. R. 453. Even with citing this information, Dr. Cannon's findings, noted above, are in agreement with Dr. Hein's findings.

record, and thus, there is substantial evidence to support the ALJ's decision to not include a reaching limitation in his hypothetical question.

Even though the ALJ was not required to include the reaching requirement in his hypothetical question to the VE, Plaintiff's counsel, during the hearing, extensively questioned the VE about the reaching requirements of the three jobs he identified, establishing that all three jobs required some reaching. Following up on this line of questioning, the ALJ clarified with the VE that any reaching would basically be right in front of Plaintiff and would not require any pushing or pulling, a limitation that the ALJ included in the hypothetical question. R. 554-55. Thus, the ALJ was aware of any type of reaching requirement the three jobs may have required when he relied on the VE's testimony to determine that there were jobs in the national economy that Plaintiff could perform. Accordingly, there is substantial evidence to support the ALJ's decision in this case that Plaintiff was not entitled to DBI or SSI benefits.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 12th day of December, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE